UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

MARIELA URENA

                      Plaintiff,

-against-

STANFORD NEW YORK LLC d/b/a HOTEL STANFORD, individually, FELICIA JIMENEZ, individually, and YONGJE PARK, individually,

                      Defendants.

---------------------------------------------------------------X

Civ. No. 18-6220
**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff MARIELA URENA, through her attorneys, DEREK SMITH LAW GROUP PLLC, hereby complains of Defendant STANFORD NEW YORK LLC d/b/a HOTEL STANFORD, individually, Defendant FELICIA JIMENEZ, individually, and Defendant, YONGJE PARK, individually, (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

**NATURE OF CASE**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), as amended by the Pregnancy Act of 1978 ("PDA"), the American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq* ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("the ADAAA"), The Family and Medical Leave Act of 1993, 29 U.S.C.§ 2601 *et seq.* (the "FMLA"), New York State Human Rights Law Executive Law § 296 et seq. (the "NYSHRL"), and the New York City Human Rights Law ("NYCHRL") as amended by the New York City Pregnant Workers Fairness Act ("NYC PWFA"), N.Y.C. Admin. Code §§8-101 *et seq*., based upon the supplemental jurisdiction

of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367 seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, pregnancy, disability, sex, and familial status discrimination, failure to accommodate pregnancy-related condition, retaliation, and wrongful termination by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this action involves a Federal Question under Title VII, the ADA, and the FMLA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. Additionally, this Court has supplemental jurisdiction over the State and City causes of action asserted herein.

4. On or about October 4, 2017, Plaintiff filed a charge of employment discrimination with the New York State Division of Human Rights (NYSDHR).

5. On or about October 30, 2017, Plaintiff's charge was sent to the United States Equal Employment Opportunity Commission ("EEOC") to be dual-filed under the applicable federal law. The federal charge number is 16G-2018-00401.

6. On or about December 29, 2017, the NYSDHR determined that probable cause existed to believe that the Defendants engaged in or is engaging in the unlawful discriminatory practice complained of.

7. Around April 12, 2018, Plaintiff received a Right to Sue Letter from the United States Department of Justice.

8. Plaintiff satisfied all administrative prerequisites and is filing this case

within ninety (90) days of receiving the Right to Sue Letter.

9. Venue is proper in this District based upon the fact that the events or omissions that give rise to the claims asserted herein occurred in New York County, within the Southern District of New York.

**PARTIES**

10. Plaintiff MARIELA URENA, is an individual woman, who resides in the State of New York, Bronx County.

11. At all times material, Defendant, STANFORD NEW YORK LLC d/b/a HOTEL STANFORD, (hereinafter referred to as "STANFORD") was and is a domestic limited liability company duly existing by the laws of New York that does business in the state of New York with its principle place of business located at 43 West 32nd Street New York, New York, 10001.

12. At all times material, Defendant, FELICIA JIMENEZ (hereinafter referred to as "FELICIA") was and is the Housekeeping Manager for Defendant STANFORD.

13. At all times material, Defendant, FELICIA had supervisory authority over Plaintiff and set the terms and conditions of her employment.

14. At all times material, Defendant, YONGJE PARK (hereinafter referred to as "YONGJE") was and is the Assistant General Manager for Defendant STANFORD.

15. At all times material, Defendant, YONGJE had supervisory authority over Plaintiff and set the terms and conditions of her employment.

16. At all times material, Plaintiff was employed by Defendant STANFORD.

**MATERIAL FACTS**

17. On or about May 26, 2015, Plaintiff began her employment with Defendants as a Part Time Assistant Housekeeping Supervisor.

18. Plaintiff's position as Assistant Housekeeping Supervisor entailed inspecting each room of the hotel after housekeeping finished cleaning the room to ensure the room was ready for a subsequent guest.

19. Defendant STANFORD's hotel has 12 floors and 123 rooms. There are two elevators in the hotel: a guest elevator and a freight elevator. Defendant STANFORD's housekeeping supervisors are not permitted to use the guest elevators.

20. On September 21, 2017, Plaintiff received medical documentation from her physician, stating that Plaintiff could return to work with restrictions – Plaintiff was to only use the elevator due to pregnancy issues. Plaintiff's physician advised Plaintiff not to use the stairs at all. Plaintiff was 26 weeks into her pregnancy at that time.

21. On September 22, 2017, Plaintiff requested a reasonable, pregnancy-related accommodation under the ADA, the FMLA, and NYC PWFA. Plaintiff presented her physician's note to Defendant, FELICIA, indicating that Plaintiff needed to use the elevators due to pregnancy issues and to call the physician if further information was required.

22. Defendant FELICIA told Plaintiff that she could not accept the medical documentation and sent Plaintiff home.

23. Plaintiff told Defendant FELICIA that Plaintiff needed her job. Defendant FELICIA then asked about Plaintiff's husband. Plaintiff reminded Defendant FELICIA that she did not know anything about Plaintiff's personal matters.

24. Defendant FELICIA gave Plaintiff the following options: to go home; tell her physician to remove the medical restrictions; or get public assistance.

25. Defendant FELICIA discriminated against Plaintiff on the basis of her sex, disability, pregnancy, and familial status.

26. Defendant FELICIA failed to provide Plaintiff with a reasonable and/or pregnancy-related accommodation and failed to engage in an interactive dialogue with Plaintiff.

27. Defendant FELICIA retaliated against Plaintiff for making a reasonable accommodation request under the ADA, FMLA, and NYC PWFA.

28. Defendants failed to inform Plaintiff of his rights and eligibility to take Family and Medical Leave ("FMLA").

29. Upon information and belief, Plaintiff was eligible to take medical leave in accordance with the FMLA.

30. On or about September 22, 2017, Defendants wrongfully terminated Plaintiff and removed Plaintiff from the Housekeeping Supervisor Schedule from the September 24, 2017 to September 30, 2017.

31. On or about September 29, 2017, Defendant YONGJE informed Plaintiff that due to her medical restrictions she would not be able to continue working and to instead call back after she had her baby.

32. Defendants discriminated against Plaintiff on the basis of her sex, disability, pregnancy, and familial status.

33. Defendants failed to provide Plaintiff with a reasonable and/or pregnancy-related accommodation and failed to engage in an interactive dialogue with Plaintiff.

34. Defendants retaliated against Plaintiff for making a reasonable accommodation request under the ADA, FMLA, and NYC PWFA by sending Plaintiff home and removing Plaintiff from the schedule as of September 22, 2017.

35. Defendants failed to inform Plaintiff of his rights and eligibility to take Family and Medical Leave ("FMLA").

36. Upon information and belief, Plaintiff was eligible to take medical leave in accordance with the FMLA.

37. Defendants wrongfully terminated Plaintiff on the basis of her pregnancy, disability, familial status, and request for a reasonable accommodation.

38. Defendants retaliated against Plaintiff for exercising her protected rights regarding Plaintiff's sex, pregnancy, and disability and for asking for a reasonable accommodation in connection with her sex, pregnancy, and disability.

39. Defendants knowingly failed to compensate Plaintiff for the hours she was scheduled to work prior to Defendant FELICIA sending Plaintiff home.

40. Defendants knowingly permitted FELICIA and YONGJE to discriminate and retaliate against Plaintiff on the basis of her disability, sex, pregnancy, and familial status.

41. Defendants knowingly permitted FELICIA and YONGJE to refuse Plaintiff's requests for a reasonable accommodation.

42. Defendants retaliated against Plaintiff for engaging in protected activities and subjected Plaintiff to multiple adverse employment actions including unlawful termination.

43. Defendants acted willfully and with malice, in conscious and deliberate disregard of Plaintiff's health and interests.

44. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits

and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, of life, and other non-pecuniary losses.

45. The above are just some of the examples of the pattern and practice of unlawful, discriminatory, hostile, and retaliatory conduct to which Defendants subjected Plaintiff.

46. As Defendants' conduct has been malicious, willful, and outrageous, conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants, jointly and severally.

47. Plaintiff hereby requests reinstatement to her position.

48. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION UNDER TITLE VII (AGAINST DEFENDANT STANFORD)**

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this complaint as if more fully set forth herein at length.

50. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer: "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . ."

51. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(1) as amended by the Pregnancy discrimination Act, 42 U.S.C. §2000e(k) prohibits discrimination in the terms and conditions of employment and discharge of an employee based on the employee's pregnancy.

52. The exact number of employees at STANFORD is unknown, but upon information and belief, there are well more than the statutory minimum.

53. Defendant STANFORD engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by subjecting Plaintiff to discrimination on the basis of her pregnancy and sex and by wrongfully terminating Plaintiff's employment.

54. Defendant STANFORD violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT (NOT AGAINST INDIVIDUAL DEFENDANTS)

55. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

56. Plaintiff claims Defendant STANFORD violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

57. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

58. Defendant STANFORD violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of her disability.

59. Defendant STANFORD violated the above and Plaintiff suffered numerous

damages as a result.

## AS A THIRD CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT (NOT AGAINST INDIVIDUAL DEFENDANTS)

60. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

61. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

62. Defendant STANFORD violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW (AGAINST ALL DEFENDANTS)

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth more fully herein.

64. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

65. Defendants violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her disability, pregnancy, sex, and familial status.

9

66. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law §296.

67. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FIFTH CAUSE OF ACTION FOR RETALIATION UNDER NEW YORK STATE LAW (AGAINST ALL DEFENDANTS)

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs in this complaint as if set forth more fully herein.

69. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

70. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff.

71. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW (AGAINST ALL DEFENDANTS)

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth more fully herein.

73. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

74. Defendants engaged in an unlawful discriminatory practice prohibited by

New York State Executive Law §296(6), by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

75. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth more fully herein.

77. The Administrative Code of City of NY § 8-107 [1] provides that: "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

78. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and otherwise discriminating against the Plaintiff because of Plaintiff's disability, sex, and familial status.

79. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

80. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

81. Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint as if set forth more fully herein.

82. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter.  The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment, housing or a public accommodation or in a materially adverse change in the terms and conditions of employment, housing, or a public accommodation, provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity."

83. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating and retaliating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of her employer.

84. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### **AS A NINETH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

**(AGAINST ALL DEFENDANTS)**

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth more fully herein.

86. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

87. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

88. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

89. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth more fully herein.

90. The New York City Administrative Code Title 8, § 8-107(19), entitled Interference with Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

91. Defendants violated the above as set forth and Plaintiff suffered numerous damages as a result.

**AS AN ELEVENTH CAUSE OF ACTION FOR DISCRIMINATION**

### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (AGAINST ALL DEFENDANTS)

92. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth more fully herein.

93. The New York City Administrative Code Title 8, § 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

94. Defendant STANFORD is liable for the discriminatory conduct of Defendants FELICIA JIMENEZ and YONGJE PARK.

95. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A TWELFTH CAUSE OF ACTION FOR DISCRIMINATION and

**TERMINATION UNDER THE NYC PREGNANT WORKERS FAIRNESS ACT,
N.Y.C. Admin. Code § 8-101 *et seq.* § 8-107(22)
(AGAINST ALL DEFENDANTS)**

96. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth more fully herein.

97. The New York City Human Rights Law prohibits an employer or an employee or agent from discriminating against an employee in the terms and conditions of her employment and discharging an employee based on Plaintiff's disability and perceived disability due to her pregnancy and related medical condition. N.Y.C. Admin. Code §8-107(1)(a).

98. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRTEENTH CAUSE OF ACTION FOR FAILURE TO PROVIDE A
REASONABLE ACCOMODATION UNDER THE NYC PREGNANT WORKERS
FAIRNESS ACT, N.Y.C. Admin. Code § 8-101 *et seq.* § 8-107(22)
(AGAINST ALL DEFENDANTS)**

99. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth more fully herein.

100. The New York City Human Rights Law prohibits an employer or an employee or agent from refusing to provide a reasonable accommodation, to the needs of an employee for her pregnancy, childbirth, or related medical condition that will allow the employee to perform the essential requisites of the job. N.Y.C. Admin. Code §8-107(22).

101. Defendants violated the New York City Pregnant Workers Fairness Act when they were aware of her pregnancy and related medical condition, but failed to provide her with a reasonable accommodation for the duration of her employment. Defendants additionally violated the NYC PWFA when they terminated her employment because she requested for an accommodation for her pregnancy.

102. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTEENTH CAUSE OF ACTION FOR VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ. (AGAINST ALL DEFENDANTS)

103.　Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

§2612 of the Family Medical Leave Act states in pertinent part:

(a) In general

(1) Entitlement to leave

Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

(E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

104.　Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

105. At all times material and as evidenced herein, STANFORD was Plaintiff's employer.

106. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the FMLA.

107. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FIFTEENTH CAUSE OF ACTION FOR
### RETALIATION AND INTERFERENCE UNDER THE
### FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. § 2601 ET SEQ.
### (AGAINST ALL DEFENDANTS)

108. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth more fully herein.

§ 2615 of the FMLA states as follows:

Prohibited acts

(a) Interference with right

(1) Exercise of rights.  It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

(2) Discrimination.  It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.  Defendants unlawfully interfered, restrained, and denied Plaintiff's right to exercise and attempt to exercise his rights under the above section.

At all times material and as evidenced herein, STANFORD was Plaintiff's employer.

109. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, disbursements of action; and for such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated: July 10, 2018
New York, New York

                                                DEREK SMITH LAW GROUP, PLLC
                                                *Attorneys for Plaintiff*

                                     By:   */s/ Melissa Mendoza*
                                           Melissa Mendoza, Esq.
                                           1 Pennsylvania Plaza Suite 4905
                                           New York, New York 10119
                                           (212) 587-0760

## CERTIFICATE OF SERVICE

I, Melissa Mendoza, hereby certify that on July 10, 2018, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic

Service, which will send notification of such public filing to all counsel registered to receive such notice.

                                              */s/ Melissa Mendoza*
                                              MELISSA MENDOZA